IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DYEE LENEIA DYSART,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING LETTER REQUEST RE: SENTENCE AND RESTITUTION<br><br>Case No. 2:05-CR-52 TS |

Defendant, proceeding pro se, brings a letter motion seeking (1) relief from a Bureau of Prisons (BOP) policy regarding her eligibility to serve time in a halfway house; and (2) to suspend her restitution payments until she is released.

Defendant first argues that under the Second Chance Act, she should be allowed to serve up to twelve months of her sentence in the halfway house, but that the BOP will only allow her five months in the halfway house.

The Court has considered Defendant's Motion and finds that it primarily seeks to alter the manner in which her sentence is served, specifically where her sentence is served. Thus, her request would involve a change in how the BOP executes the sentence.

Such requests must be filed as a Petition under 28 U.S.C. § 2241.[1]

Section 2241(a) provides that a "[w]rit[] of habeas corpus may be granted by [one of the federal courts] within their respective jurisdictions." The Tenth Circuit has clarified that "a petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."[2] Defendant is confined in California. Accordingly, the letter motion will be dismissed without prejudice to her re-filing it as a petition under § 2241 in the district where she is confined. If she has not done so already, Defendant should exhaust her administrative remedies with the BOP before re-filing her request as a petition under § 2241.

On the request to suspend payment of restitution, there is insufficient information presented. Defendant does not allege a material change of circumstances.[3] Defendant's attachments appear to show that she has a payment schedule developed under the Inmate Financial Responsibility Program (IFRP).[4] However, Defendant presents nothing to show whether she has addressed her concerns with such a schedule with the BOP or what any BOP administrative response has been. It is therefore

ORDERED that Defendant's letter Motion (Docket No. 50) requesting she be allowed to serve a greater portion of her sentence in a halfway house is DENIED

---

[1] *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (holding that "focusing on where [a] sentence will be served, seems to fit better under the rubric or §2241).

[2] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[3] 18 U.S.C. § 3664(k).

[4] *See* 28 C.F.R. §§ 545.10-545.11.

WITHOUT PREJUDICE to its refiling as a Petition under 28 U.S.C. § 2241 in the federal district court in the district where she is currently confined.  It is further

ORDERED that Defendant's letter Motion (Docket No. 50) seeking suspension of her restitution obligations is DENIED.

DATED July 29th, 2009.

                                        BY THE COURT:

                                        _____
                                        TED STEWART